UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 30  P 12: 06

| | |
|---|---|
| SANDRA SODERLUND ) | |
| Plaintiff ) | CIVIL ACTION NO. |
| ) | |
| V.S. ) | 301-CV-1918(SRU) |
| ) | |
| JANICE MERIGAN, JAMES MROCZKA, ) | |
| OFFICERS IN THE POLICE DEPT OF THE ) | |
| CITY OF MERIDEN ) | |
| THE CITY OF MERIDEN ) | |
| ) | |
| Defendant(s) ) | |
| ) | DECEMBER 12, 2003 |

## AMENDED JOINT REPORT

The parties hereby Amend their Joint Report as follows:

*E.   Discovery.*

The parties propose that all discovery including interrogatories and depositions be completed by April 1, 2004.

*F.   Dispositive Motions.*

Discovery motions:          April 1, 2004
Motions pursuant to Rule 56:   May 15, 2004


THE PLAINTIFF

Bruce A. Chaplin
208 Main Street
Durham CT 06422
860/349-0528
Federal Bar CT 05675

THE DEFENDANTS

Deborah L. Moore
City of Meriden
Department of Law
142 East Main Street
Meriden CT 06450
Federal Bar CT 05739
Date Dec. 22, 2003

## CERTIFICATION

I, Bruce A. Chaplin, hereby certify that a copy of the foregoing was mailed, postage prepaid, on this the 18 day of December 2003 to:

Deborah L. Moore, Esq.
City of Meriden
Department of Law
142 East Main Street
Meriden CT 06450

Bruce A. Chaplin

# BRUCE A. CHAPLIN, ESQ.
208 Main Street
Durham, Connecticut 06422
*Telephone (860) 349-0528*
*Wallingford (203) 284-9461*
*Fax (860) 349-0483*

December 12, 2003



Deborah L. Moore, Esq.
City of Meriden
Department of Law
142 East Main Street
Meriden CT 06450

Re:   Sandra Soderlund vs. Janice Merigan et al
      Docket No: 301-CV-1918 (SRU)

Dear Attorney Moore:

I want to explain my letter. My theory of Ms. Soderlund's claims.

In Count One we are stating a Fourth Amendment claim against Officers Merigan and Mroczka. This Fourth Amendment claim is based upon the fact that under §1983, these defendants acted under color of law and these defendants caused an unreasonable seizure of my client in violation of the Fourth Amendment.

Count Two is a claim under the Fourteenth Amendment that the defendants Officers Merigan and Mroczka had a duty to the plaintiff to make sure that she was not seized where no warrant existed and these defendants exhibited deliberate indifference. My position is that the knowledge of these police officers regarding the vacating of the arrest and the knowledge that their department had notice problems in the past regarding vacated arrests constitutes egregious official conduct, otherwise known as deliberate indifference.

Count Three is a claim against the same two defendants on the state common law grounds of negligence.

Count Four is a claim that the City of Meriden caused this Fourth Amendment violation by it's failure to have training, supervision or have a procedure in effect to follow up on vacated arrest warrants. The City knew there was a problem yet it's policies and customs allowed this Fourth Amendment violation to occur.

My position is that qualified immunity has been waived under Conn. Gen. Stat. §52-557n.

The City of Meriden is liable for the acts of it's officers pursuant to Conn. Gen. Stat. §7-465. I believe that the facts of this case adequately put you on notice that there was no willful and wanton actions.

Very truly yours,

Bruce A. Chaplin

BAC/jd