FILED

2004 APR 21  A 10: 50

U.S. DISTRICT COURT
BRIDGEPORT CONN

| | |
|---|---|
| SANDRA SONDERLAND,<br>  Plaintiff<br><br>V.S.<br><br>JANICE MERIGAN, JAMES MROCZKA,<br>OFFICERS IN THE POLICE<br>DEPARTMENT OF THE CITY OF<br>MERIDEN<br>THE CITY OF MERIDEN<br>  Defendants | )<br>)<br>) CIVIL ACTION NO. 3:01CV01918N<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) APRIL 14, 2004 |

## OBJECTION TO PLAINTIFF'S MOTION FOR ORDER

Now comes Assistant State's Attorney Elizabeth Bodine, undersigned, to respond to Plaintiff's Motion for Order of March 25, 2004 in the matter captioned-above.

It is true and stipulated that on March 2, 2004, a deposition was taken of Assistant State's Attorney Jason Germain at the offices of Attorney Bruce Chaplin, Esq., 208 Main Street, Durham, CT, 06450, Plaintiff's counsel.

It is true and stipulated that said deposition was held in response to Notice of Deposition Duces Tecum served upon Assistant State's Attorney Jason Germain in the matter captioned above.

It is true and should not be in dispute that the undersigned attended responds herein, and attended said deposition in the company of Assistant State's Attorney Germain in the capacity of a member of the Chief State's Attorney's Office Civil Litigation Unit, and both responds herein and attended said deposition to protect the interests of the Office of the Chief State's Attorney and its interest in the integrity of its

records, and the interests of Assistant State's Attorney Germain with respect to such records, and in no other capacity.

It is not in dispute that Assistant State's Attorney Germain was noticed for deposition as a witness, and not as a party, in the matter captioned above.

It is true and stipulated that listed in the subpoena were documents sought to be produced by Plaintiff's counsel.

It is true and stipulated that Plaintiff's subpoena sought to have Assistant State's Attorney Germain produce a number of documents; namely, "complete file State vs. Sandra Sonderland CR98-189485 and MV98-0438991."

It is true and stipulated that Assistant State's Attorney Germain did not bring with him to this deposition those files, or any part of the interior of whatever materials may or may not have once existed in said files, as said files are long disposed and thus subject to erasure and destruction and in fact to the knowledge of the undersiged, cannot be produced.

It is true and stipulated that Assistant State's Attorney Germain did not bring with him an original, duplicate, portion, or representation of the alleged warrant for Ms. Sonderland's arrest for Failure to Appear in Court. (No request for such warrant was made in the deposition, unless such document was simply considered by Plaintiff's counsel to be part of what Plaintiff's counsel deems "the complete file.")

It is true and stipulated that Plaintiff's counsel's transcript as shown to the deponent indicated that the Plaintiff had been arrested on the strength of a warrant for Failure to Appear, and that a simple statement was apparently made by Assistant State's Attorney Germain indicated the arrest was likely made in error, and entering a

*nolle prosequi* in the matter.

As explained in some detail to Plaintiff's Counsel at the time of State's Attorney Germain deposition, the State of Connecticut Division of Criminal Justice Files retains filesl and related documents for a set period of time after a matter has been fully disposed.

Generally, the internal materials of a misdemeanor file are retained for two years as that would be necessary to bring an appeal, after which they are disposed. Plaintiff's counsel is seeking material that falls outside that retention schedule.

Misdemeanor files, for example, are generally retained for two years past the period of time which would be necessary to file an appeal.

Motor vehicle files are retained only a month after the outcome of the matter has been entered into the electronic data base of the Department of Motor Vehicles.

Records of Infractions are retained for one year from date of disposition, and then disposed.

Those files sought by Plaintiff's counsel include one misdemeanor file which resulted in payment of a fine disposing of the matter on April 20, 2000.

The second matter involves a motor vehicle matter reduced to an infraction, and presumably disposed with a fine (as that is the only sanction available for an infraction) on or about the same time as both matters arose from the same transaction.

The subpoena served upon Assistant State's Attorney Germain called for him to produce documentation to which neither he, nor anyone else, had access by March 2, 2004. In fact, a search of the Meriden Courthouse, G.A. 7, and the several places in which records are stored by the Division of Criminal Justice were searched, and no

such records could be found. As four years exceeds by half the retention schedule described above, it is not likely that the records still exist other than in the form of the bare transactions routinely entered into the Division's computers.

There is no reason to believe Mr. Germain ever even held in his hand the actual warrant for the Plaintiff's arrest for Failure to Appear (also a misdemeanor, disposed via *nolle prosequi* March 8, 2000.) As the outcome of a *nolle* is determined by statute (See Section 53a-173) of the Connecticut General Statutes) requires that records of such arrest be erased as an operation of law upon passage of thirteen (13) months, it would be highly unlikely were it possible to produce this document. It is worth noting that such erasure and disposal is intended to protect the rights and reputation of the recipients, and not to cloak the actions of the State.

Hereto appended is a copy of the Records Retention Schedule approved and managed by the Public Records Administrator for the State of Connecticut, Connecticut State Library, Public Records Administration, 231 Capitol Avenue, Hartford, CT, 06106.

This document consists of three pages, and includes in some detail the precise nature of the records retained, and the dates they are scheduled to be disposed. (EXHIBITS A-F).

In short, the documents sought by Plaintiff's counsel, as, again, was explained to him at the time of Assistant State's Attorney Germain, are unlikely to exist. It is likely that there is a transcript, which in fact, Plaintiff's counsel has already obtained, certain computerized notations of the amount of the fine, the date of disposition, etc., and any documentation that the police department in question may keep according to their own schedule and policies.

For these and all the foregoing reasons, Plaintiff's Motion for Order to produce documents, should be denied.

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUESTED

RESPECTFULLY SUBMITTED,

STATE OF CONNECTICUT

ELIZABETH BODINE
OFFICE OF THE CHIEF STATE'S ATTORNEY
CIVIL LIGATION BUREAU
300 CORPORATE PLACE
ROCKY HILL, CT    06067
860-258-5800
STATE JURIS NO: 408623
FEDERAL JURIS NO. 13649

**CERTIFICATION**

I certify that a copy of the foregoing was on this day, the 15th of April, 2004, mailed, pre-paid postage, first-class, to the parties of record, to wit:

Bruce Chaplin, Esq.
208 Main Street
Durham, CT   06422

Deborah L. Moore, Esq.
Corporation Counsel
142 East Main Street
Meriden, CT   06067

_____
Elizabeth Bodine
Commissioner of the Superior Court

# RECORDS DISPOSAL AUTHORIZATION

RC-108—Revised 2/2001

**STATE OF CONNECTICUT**
Connecticut State Library
PUBLIC RECORDS ADMINISTRATION
231 Capitol Ave, Hartford, CT 06106

Return this form to the Public Records Administrator to obtain approval to dispose of agency records. Submit at least 20 days prior to proposed date of records disposal.

**NAME of AGENCY** (typewriter or computer only-original signatures)
DIVISION OF CRIMINAL JUSTICE

**DIVISION or UNIT**
OFFICE OF THE CHIEF STATE'S ATTORNEY

**ADDRESS**
300 CORPORATE PLACE, ROCKY HILL, CT 06067

**DATE** 04/03/03

Page 1 of 1 pages

I hereby certify that the records listed have met the retention requirements established by the Public Records Administrator in the form of an approved retention schedule. No record(s) listed, in our opinion, pertain(s) to any pending case, claim, or action

**Typed Name of Records Management Liaison Officer**
STEVEN M. SELLERS

**Approved (RMLO)** [signature]

**TITLE** DEPUTY CHIEF STATE'S ATTORNEY

**DATE** 4/3/03

**PHONE NUMBER** 860-258-5878

| Item Number (1) (i.e. S2-010) | Record Series Title | Authorization for Disposal Schedule No. (1) RC | Effective Date | Inclusive Dates of Records From | To | Est. Volume of Records Being Disposed Of (indicate cubic (2) or linear ft.) | Proposed Date of Records Disposal | Do not write in this column (3) |
|---|---|---|---|---|---|---|---|---|
| #1 | VIOLATIONS & INFRACTIONS DISPOSITIONS | 03-2-1 | 2/25/2003 | 4/1/1998 | 4/1/2002 | 200 CU. FT. | 4/15/2003 | |
| #2 #4 | MISDEMEANOR DISPOSITIONS | 03-2-1 | 2/25/2003 | 4/1/2000 | 4/1/2002 * | 400 CU. FT. | 4/15/2003 | |
| #8 3 | FELONY DISPOSITIONS-CLASS C & D | 03-2-1 | 2/25/2003 | 1/12/1992 | 4/1/1993 | 75 CU. FT. | 4/15/2003 | |
| #10 4 | UNCLASSIFIED FELONY DISPOSITIONS SENTENCES OF 5-10 YEARS | 03-2-1 | 2/25/2003 | 1/12/1992 | 4/1/1993 | 200 CU. FT. | 4/15/2003 | |
| #9 5 | UNCLASSIFIED FELONY DISPOSITIONS - SENTENCES UP TO 5 YEARS MAXIMUM | 03-2-1 | 2/25/2003 | 1/12/1992 | 4/1/1993 | 200 CU. FT. | 4/15/2003 | |
| | | | | NOTE: * only up to 4/1/2001 - must hold for 2 yrs. | | | | |

**Approved (State Archivist)** [signature Martha H. Jones]  **Date** APR 24 2003

**Approved (Public Records Administrator)** [signature]  **Date** APR 24 2003

(1) Enter approved schedul # (RC-50) or, if records will be disposed of per General Schedule, enter in Item Number column S1-S6 #_____

(2) A filled letter-sized drawer contains 1.5 cubic feet, and a legal-size drawer contains 2.0 cubic feet.

(3) Records that cannot be destroyed are so noted in this column.

EX A

# RECORDS DISPOSAL AUTHORIZATION
RC-108—Revised 4/94

**STATE OF CONNECTICUT**
Connecticut State Library
PUBLIC RECORDS ADMINISTRATION
231 Capitol Ave, Hartford, CT 06106

NAME of AGENCY: DIVISION OF CRIMINAL JUSTICE
DIVISION or UNIT: OFFICE OF THE CHIEF STATE'S ATTORNEY
ADDRESS: 300 CORPORATE PLACE, ROCKY HILL, CT 06067

Typed Name of Records Management Liaison Officer: STEVEN M. SELLERS, ESQ.
Title: DEPUTY CHIEF STATE'S ATTORNEY
Date: 1/11/02

Approved (RMLO): [signature]

I hereby certify that the records listed have met the retention requirements established by the Public Records Administrator in the form of an approved retention schedule. No record(s) listed, in our opinion, pertain(s) to any pending case, claim, or action.

Return this form to the Public Records Administrator to obtain approval to dispose of agency records. Submit at least 20 days prior to proposed date of records disposal.

Page 1 of 1 pages

| Number (consecutively) | Record Series Title | Authorization Schedule No.[1] | Effective Date | Inclusive Dates of Records From | To | Est. Volume of Records Being Disposed Of (cubic² or linear ft) | Proposed Date of Records Disposal | Do not write in this column³ |
|---|---|---|---|---|---|---|---|---|
| 1 | Misdemeanors – Disposed Cases ✓ | 94-15-1 | 11/12/94 | 04/01/98 | 01/11/00 | | 02/01/02 | |
| 2 | Class D Felony – Disposed Cases ✓ | 94-15-1 | 11/12/94 | 04/01/90 | 01/11/92 | | 02/01/02 | |
| 3 | Class C Felony – Disposed Cases ✓ | 94-15-1 | 11/12/94 | 04/01/90 | 01/11/92 | | 02/01/02 | |
| 4 | Felony Dispositions -Sentences of 5 - 10 years ✓ | 94-15-1 | 11/12/94 | 01/01/84 | 01/11/92 | 450 cu. ft. | 02/01/02 | |
| 5 | Felony Dispositions -Sentences up to 5 years maximum | 94-15-1 | 11/12/94 | 01/01/84 | 01/11/92 | | 02/01/02 | |

Ex B

Approved (State Archivist): [signature] Date: JAN 28 2002
Approved (Public Records Administrator): [signature] Date: JAN 28 2002

[1] Enter approved schedule # or, if records will be disposed of per General Schedule, enter "on GS # ___."
² A filled letter-size drawer contains 1.5 cubic feet, and a legal-size drawer contains 2.0 cubic feet.
³ Records that cannot be destroyed are so noted in this column.



GS 846

# RECORDS RETENTION SCHEDULE
RC-50, Revised 5/1999
(Return to Public Records Administrator)

**STATE OF CONNECTICUT**
Connecticut State Library
PUBLIC RECORDS ADMINISTRATION
231 Capitol Ave., Hartford, CT 06106



**FOR OFFICE USE ONLY**
Retention Schedule # 03-2-1

**Agency:** DIVISION OF CRIMINAL JUSTICE    **Address:** 300 CORPORATE PLACE

**Division or Unit:** OFFICE OF THE CHIEF STATE'S ATTORNEY    ROCKY HILL, CT 06067

This schedule is: ✓ original;  ✓ revised.
If revised, enter previous retention schedule number here: # 94-15-01; 00-8-1
Page 1 of 2 pages

| ITEM NUMBER (i.e. S1-065) | RECORD SERIES[1] TITLE | APPROVED RETENTION PERIOD | | ARCHIVAL DESIGNATION (to be filled in by State Archivist) |
|---|---|---|---|---|
| | | Office | Records Center or approved off-site facility[2] | |
| 1. | MOTOR VEHICLE STOP REPORTS (GEN. STAT. §54-1l) | 1 month after information is entered into electronic database | | |
| 2. | UNCORROBORATED CRIMINAL ALLEGATIONS | 15 months (pursuant to Sec. 1-216) | | |
| 3. | VIOLATIONS & INFRACTIONS - DISPOSITIONS | 1 year after expiration of appeal period | | |
| 4. | MISDEMEANOR DISPOSITIONS | 2 years after expiration of appeal period | | |
| 5. | CLOSED CRIMINAL INVESTIGATIONS (NO ARRESTS) | 5 years | | |
| 6. | CLOSED GRAND JURY INVESTIGATIONS (NO ARRESTS) | 5 years | | Exc |
| 7. | CIVIL LITIGATION CASE FILES/RELATED CORRESPONDENCE | 5 years after expiration of appeal period | | |
| 8. | FELONY DISPOSITIONS - CLASS C & D | 10 years after expiration of appeal period | | |

1 Record Series is a group of similar or related records arranged under a single filing system or kept together as a unit because they relate to a particular subject, result from the same activity, or have a particular form.

2 Records with a permanent retention period cannot be stored at the Records Center. If you believe a record should be maintained permanently outside the office, it should be appraised for possible transfer to the State Archives. In this case, leave blank, and the State Archivist will review it.

| Approved (Agency Records Management Liaison Officer): | Typed Name of RMLO: STEVEN SELLERS | Title: DEPUTY CHIEF STATE'S ATTY | Date: 2/13/03 |
|---|---|---|---|
| Approved (State Archivist) | | Approved (Public Records Administrator): | Effective Date of Schedule: 2/25/03 |
| | Date: 2/25/03 | | |

Office of the Chief State's Attorney/Div. of Criminal Justice Schedule No. 03-2-1 p. 2 of 2 (Void 94-15-01; 00-8-1)

| | | |
|---|---|---|
| 9. | FELONY DISPOSITIONS—UNCLASSIFIED—UP TO 5-YEAR MAXIMUM SENTENCE | 10 years after expiration of appeal period |
| 10. | FELONY DISPOSITIONS—UNCLASSIFIED—MORE THAN 5 YEARS BUT NOT MORE THAN 10 YEARS' SENTENCE | 10 years after expiration of appeal period |
| 11. | FELONY DISPOSITIONS—CLASS B and A | 20 years after expiration of appeal period |
| 12. | CAPITAL FELONY DISPOSITIONS | Permanent/archival |

1 Record Series is a group of similar or related records arranged under a single filing system or kept together as a unit because they relate to a particular subject, result from the same activity, or have a particular form.

2 Records with a permanent retention period cannot be stored at the Records Center. If you believe a record should be maintained permanently outside the office, it should be appraised for possible transfer to the State Archives. In this case, leave blank, and the State Archivist will review it.

| Approved (Agency Records Management Liaison Officer) | Typed Name of RMLO: STEVEN SELLERS | Title: DEPUTY CHIEF STATE'S ATTY | Date: 2/13/03 |
|---|---|---|---|
| Approved (State Archivist) | Date: 2/25/03 | Approved (Public Records Administrator): | Effective Date of Schedule: 2/25/03 |

— Ex 1)

# RECORDS RETENTION SCHEDULE

RC-50, Revised 12/95
*Return to Public Records Administrator*

**STATE OF CONNECTICUT**
Connecticut State Library
PUBLIC RECORDS ADMINISTRATION
231 Capitol Ave., Hartford, CT 06106

FOR OFFICE USE ONLY
Retention Schedule # 00-8-1
This schedule is [X] original; [ ] revised.
If revised, enter previous retention schedule number here: #____
Page _1_ of _1_ pages

| Agency | Division of Criminal Justice |
|---|---|
| Division or Unit | Office of the Chief State's Attorney |
| Address | 300 Corporate Place, Rocky Hill, CT 06067 |

| (Number consecutively) | RECORD SERIES' TITLE | APPROVED RETENTION PERIOD | | ARCHIVAL DESIGNATION (to be filled in by State Archivist) |
|---|---|---|---|---|
| | | Office | Records Center or approved off-site facility² | |
| 1 | State of Connecticut: Traffic Stops Statistics Form: Chief State's Attorney's Office collects information from local police departments pursuant to P.A. 99-198. This information is entered into a computer system and transferred to the Department of Information Technology (DOIT). This data will be maintained in electronic format permanently by DOIT. | 1 month after data entered into system | | |

**VOID RETENTION SCHEDULE
OFFICE OF THE
PUBLIC RECORDS ADMINISTRATOR**

DATE 2/25/03 SIGNED EAD
Replaced by 03-2-1

Ex E

¹ 'Record Series is a group of similar or related records arranged under a single filing system or kept together as a unit because they relate to a particular subject, result from the same activity, or have a particular form.

² 'Records with a permanent retention period cannot be stored at the Records Center. If you believe a record should be maintained permanently outside the office, it should be appraised for possible transfer to the State Archives. In this case, leave blank, and the State Archivist will review it.

| Approved (Agency Records Management Liaison Officer) | Typed Name of RMLO | Title | Approved (Public Records Administrator) | Date |
|---|---|---|---|---|
| [signature] | Steven M. Sellers | Deputy Chief State's Attorney | [signature] Mumel DiBella | 4/5/00 |
| Approved (State Archivist) [signature] Mark H. Jones | | | | Effective Date of Schedule 4/14/00 |

Date 4/12/2000

GS 1052

# STATE OF CONNECTICUT
## Connecticut State Library
### PUBLIC RECORDS ADMINISTRATION
231 Capitol Ave, Hartford, CT 06106

**RECORDS RETENTION SCHEDULE**
RC-50, Revised 4/94
Return to Public Records Administrator

FOR OFFICE USE:
Retention Schedule # JLY 94-15-1
This schedule is [X] original; [ ] revised.
If revised, enter previous retention schedule number here: #____

| Agency | Address |
|---|---|
| DIVISION OF CRIMINAL JUSTICE | 340 Quinnipiac St., P.O. Box 5000 |
| Division or Unit | Wallingford, CT 06492 |
| c/o Office of the Chief State's Attorney | |

Page 1 of 1 pages

| Number (consecutively) | RECORD SERIES¹ TITLE | APPROVED RETENTION PERIOD | | ARCHIVAL DESIGNATION (to be filled in by State Archivist) |
|---|---|---|---|---|
| | | Office | Records Center or approved off-site facility² | |
| 1 | Misdemeanor dispositions | 2 years | | |
| 2 | Felony dispositions - classified - Class C, Class D | 10 years | | B4L |
| 3 | Felony dispositions - classified - Class B, Class A | 25 years | | |
| 4 | Felony dispositions - unclassified - up to 5 years maximum sentence | 10 years | | DATE 2/25/03 SIGNED EGD |
| 5 | Felony dispositions - unclassified - more than 5 years but not more than 10 years maximum sentence | | | Replaced by 03-2-1 |
| 6 | Capital Felony dispositions | permanent | | |
| 7 | Uncorroborated criminal allegations | 1 year | | |
| 8 | Closed criminal investigations | 5 years | | Ex F |
| 9 | Closed grand jury investigation where no arrest | 5 years | | |

**VOID RETENTION SCHEDULE**
**OFFICE OF THE**
**PUBLIC RECORDS ADMINISTRATOR**

¹ 'Record Series is a group of similar or related records arranged under a single filing system or kept together as a unit because they relate to a particular subject, result from the same activity, or have a particular form.

² Records with a permanent retention period cannot be stored at the Records Center. If you believe a record should be maintained permanently outside the office, it should be appraised for possible transfer to the State Archives. In this case, leave blank, and the State Archivist will review it.

| Approved (Agency Records Management Liaison Officer) | Typed Name of RMLO | Title | Administrative Date |
|---|---|---|---|
| Roger Williams | Roger J. Williams | Director of Financial and Services | 11/07/94 |

| Approved (State Archivist) | Date | Approved (Public Records Administrator) | Effective Date of Schedule |
|---|---|---|---|
| Mark H. Jones | NOV 18 1994 | Eunice G. DiBella | 11/21/94 |

GS 850