UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA SONDERLAND | : | CIVIL ACTION |
| PLAINTIFF | : | |
| | : | |
| VS. | : | CASE NO. 3:01CV1918 (SRU) |
| | : | |
| JANICE MERRIGAN, ET AL. | : | |
| DEFENDANTS | : | JUNE 15, 2004 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure 56(c), the defendants, Janice Merrigan, James Mroczka, and the City of Meriden hereby respectfully request that summary judgment be issued in their favor. There remains no genuine issue of material fact to be tried in this matter and the defendants are entitled to judgment as a matter of law.

Summary judgment should be granted for the following reasons:

1. With respect to Count One, the plaintiff has only alleged mere negligence against the defendant police officers. Negligence does not rise to the level of a constitutional violation, and summary judgment is appropriate.

2. With respect to Count Two, neither the plaintiff's allegations nor the facts as set amount to a violation of substantive due process, and the defendants are entitled to summary judgment as a matter of law.

3. The defendants are entitled to Summary Judgment in Count Three because the facts fail to establish plaintiff's common law claim of negligence. Also, if the Court grants the defendants' motion for summary judgment on the constitutional claims, the state law claims set forth in Counts 3 and 5 should be dismissed by the Court for a lack of jurisdiction.

4. Furthermore, with respect to Counts One, Two and Three, the Defendants are entitled to summary judgment because they enjoy qualified immunity. Their actions did not violate any clearly established constitutional right of the plaintiff, nor can it be said that it was objectively unreasonable for the defendants to believe that their acts did not violate the constitutional rights of the plaintiff.

5. The City of Meriden is entitled to governmental immunity regarding Count Four, and summary judgment is appropriate. A failure to train and supervise is insufficient to establish a claim against the City of Meriden, and the facts clearly show that the defendants were trained.

6. Summary Judgment should be granted in Count 5 because the plaintiff has failed to make the requisite allegations in the complaint to satisfy the statutory requirements. Also, since this is a state law claim, if all the other claims are disposed of, the Court should decline to exercise jurisdiction over the matter.

7. Finally, judgment should be entered in favor of all the defendants in this matter because the plaintiff has been unable to provide facts showing this incident was

caused by the defendants in any manner. Rather, the facts as determined through discovery indicate that the problem lies with the procedures in the Court, and not the Meriden Police Department.

In support of this motion for summary judgment, the defendants offer the following documents:

1. Excerpts from the deposition transcript of Sandra Soderlund;

2. Excerpts from the deposition transcript of Janice Merrigan;

3. Excerpts from the deposition transcript of Kathy Gillis;

4. Excerpts from the deposition transcript of Susan D'Agostino;

5. Excerpts from the deposition transcript of Sharon Barthelette;

6. The affidavit of James Mroczka;

7. The affidavit of Captain Brian Giesing;

8. August 14, 1998 Arrest Report of Sandra Soderlund for possession of crack cocaine §21a-279a and failure to wear a seatbelt, §14-100;

9. Notice to Vacate Arrest for Failure to Appear, dated March 9, 2000 and Notice to Vacate Arrest for Failure to Appear, dated March 15, 2000, both stamped with a notation "NOT ON FILE", dated and initialed by Janice Merrigan;

10. Computer printout of the information contained in the Statewide Computer system pertaining to Ms. Soderlund's outstanding arrest warrant for failure to appear, showing that it was entered on Friday, May 5, 2000 at 12:17 am.

11. Training and recertification documents of Janice Merrigan

12. Police records of Ms. Soderlund's arrest on January 27, 2001.

In support of this motion, a Rule 9(c)1 Statement of Material Facts as well as a Memorandum of Law are provided.

                THE DEFENDANTS
                JANICE MERRIGAN
                JAMES MROCZKA
                CITY OF MERIDEN

By:_____/S/
   Deborah L. Moore
   Their Attorney
   City of Meriden
   Legal Department
   City Hall
   142 East Main Street
   Meriden, CT  06450
   Tel (203) 630-4045
   Fax (203) 630-7907
   Email dmoore@ci.meriden.ct.us
   Juris No. ct17792

## **CERTIFICATION**

      This is to certify that on the _____ day of June, 2004, a copy of the foregoing, with exhibits and an accompanying memorandum of law, was mailed, postage prepaid, to the following:

**Bruce Chaplin, Esq.,** 208 Main Street, Durham, CT 06422

                                         _____/S/
                                         Deborah L. Moore