UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA SONDERLAND | : | CIVIL ACTION |
| PLAINTIFF | : | |
| | : | |
| VS. | : | CASE NO. 3:01CV1918 (SRU) |
| | : | |
| JANICE MERRIGAN, ET AL. | : | |
| DEFENDANTS | : | June 15, 2004 |

## LOCAL RULE 9(c)1 STATEMENT

Pursuant to Rule 9(c)1 of the Local Rules of Civil Procedure, the Defendants hereby offer the following statements of material facts as to which the defendants contend there is no genuine issue to be tried, in support of the defendants' motion for summary judgment:

1. By way of her Fourth Amended Complaint, dated May 16, 2003, the plaintiff Sandra Soderlund brought this action against Meriden Police Officers Janice Merrigan and James Mroczka and the City of Meriden as a result of the plaintiff being arrested by the Cheshire Police Department and being held by the Meriden Police Department on an outstanding arrest warrant for a Failure to Appear issued by the Meriden Superior Court (hereinafter "Court"). It turned out that the arrest warrant had been previously vacated by the Court. (Fourth Amended Complaint)

2. On August 14, 1998, the plaintiff Sandra Soderlund was arrested by the Meriden Police Department and charged with Possession of Narcotics/Possession of Crack Cocaine, a felony in violation of §21a-279(a) and a Failure to Wear a Seat Belt. (August 14, 1998 Arrest Report)

3. The two charges resulted in separate files in the court system, one bearing a Motor Vehicle Docket number and the other a Criminal Docket number. (Notices to vacate arrest warrants dated March 9, 2000 and March 15, 2000).

4. On January 21, 2000, the plaintiff failed to appear for a Court date. (Notices to vacate arrest warrants, dated March 9, 2000 and March 15, 2000).

5. On January 21, 2000, the Judge Holden issued an arrest warrant for Sandra Soderlund for a Failure to Appear in Court. (Computer printout of the arrest warrant for Failure to Appear)

6. The Court, through Judge Holden, set a cash bond in the amount of $1500. (Computer printout of the arrest warrant for Failure to Appear).

7. On March 9, 2000, a Notice to vacate the warrant for a Failure to Appear in the plaintiff's criminal matter was issued. It was sent to the Meriden Police Department. (March 9, 2000 Notice to Vacate)

8. Meriden Police Officer Janice Merrigan was serving as the Court liaison officer on March 10, 2000. (March 9, 2000 Notice to Vacate)

9. As part of her responsibilities as a Court liaison officer, Ms. Merrigan picked up the Court paperwork on March 10, 2000 and processed it. (Deposition of Janice Merrigan, p 52)

10. She stamped in the Notice to Vacate the Arrest Warrant on March 10, 2000, noted the time and initialed it. (March 9, 2000 Notice to Vacate).

11. Officer Merrigan determined that the arrest warrant for a Failure to Appear had not been entered into the Statewide computer system, and that the actual warrant was not on file at the Meriden Police Department. As a result, she was unable to process the Notice to Vacate the arrest warrant because there was no arrest warrant in the system to vacate. (Deposition of Janice Merrigan, p. 22, 52)

12. Officer Merrigan stamped the March 9, 2000 Notice to Vacate the Arrest Warrant with the notation "NOT ON FILE", noted the date and initialed the document. (March 9, 2000 Notice to vacate).

13. She then returned the Notice to Vacate to the Meriden Court, to inform them that the underlying arrest warrant had not yet been delivered to the Meriden Police Department for processing. (Deposition of Janice Merrigan, p. 22, 49-50, 52)

14. The March 15, 2000 Notice to Vacate arrest warrant for a Failure to Appear in the Motor Vehicle case was handled in the identical manner as the March 9, 2000 notice to vacate. (March 15, 2000 notice to vacate the arrest warrant and the Deposition of Janice Merrigan, p 22, 49-50, 52)

15. It was issued by the personnel in the Meriden Court and retrieved by Officer Merrigan. She stamped it in, noted the date and time received and initialed the document. She determined on the same date that the underlying arrest warrant for the Failure to Appear was not in the computer system, nor on file in the Meriden Police Department. She stamped the document with the notation "NOT ON FILE", dated and initialed the paperwork. (March 15, 2000 notice to vacate the arrest warrant and the Deposition of Janice Merrigan, p 22, 49-50, 52)

16. Officer Merrigan returned the vacate notice to Court, to inform the Court that the underlying arrest warrant had not yet been delivered to the Meriden Police Department for processing. (March 15, 2000 notice to vacate the arrest warrant and the Deposition of Janice Merrigan, p 22, 49-50, 52)

17. On Friday, May 5, 2000, the arrest warrant for Sandra Soderlund's failure to appear was entered by the Meriden 911 dispatchers at 12:17 am. (Printout from Computer system).

18. Despite efforts on the part of both parties, the arrest warrant has not been located. (Plaintiff's Motion to Compel)

19. On Saturday, January 27, 2001 Sandra Soderlund and her boyfriend celebrated her upcoming birthday by spending the afternoon at a Rib restaurant and sports bar in Cheshire, CT. (Deposition of Sandra Soderlund, p. 27, Complaint, ¶ 7).

20. Upon leaving Damon's, Ms. Soderlund was stopped and arrested by the Cheshire Police Department based on the arrest warrant issued by the Court for a Failure to Appear (Deposition of Sandra Soderlund, p. 28, Complaint, ¶ 7).

21. Ms. Soderlund was picked up at the Cheshire Police Department by Officer Mroczka and another officer who is not named as a defendant, and transported to the Meriden Police Department. (January 27, 2001 police report )

22. The bail amount was $1500 cash bond, an amount set by the Court and an amount that the Meriden Police Department could not change. (Affidavit of James Mroczka)

23. Ms. Soderlund was allowed to make several phone calls, to her attorney in an effort to resolve this matter, to check on her children, to get some medication delivered to the police department for her, and to try to raise the bond money. (Deposition of Sandra Soderlund, pp. 35, 38, 39, Affidavit of James Mroczka).

24. Sandra Soderlund was unable to raise the $1500 bond (Deposition of Sandra Soderlund, pp. 35-36)

25. Because Sandra Soderlund was unable to raise the $1500 bond, she had to remain in the lockup of the Meriden Police Department until the Court opened on Monday morning to verify her claim that the arrest warrant had been vacated. (Affidavit of James Mroczka)

26. Officer Mroczka processed the paperwork for Ms. Soderlund, and Officer Merrigan was called in from patrol to perform the pat-down of Ms. Soderlund. (Deposition of Janice Merrigan p. 29, Affidavit of James Mroczka, January 27, 2001 arrest report).

27. On Sunday, January 28, 2001, Sandra Soderlund was allowed to leave lockup in order to make additional phone calls by a Meriden police officer other than the defendants (Deposition of Sandra Soderlund p. 45-46).

28. On Monday, January 29, 2001, Sandra Soderlund was brought to the Meriden Court and it was determined that the arrest warrant for failure to appear had been vacated by the Court. (Deposition of Sandra Soderlund, pp. 58-62, Affidavit of James Mroczka).

29. When the Notices to Vacate Arrest Warrants are returned by the Liaison Officer to the Court Clerk's office, the paperwork is handed to the "Computer girl", or more properly, the "Data Terminal Operator Supervisor", Ms. Kathy Gillis. (Deposition of Sharon Barthelette, p. 16, Deposition of Kathy Gillis, p. 15-16)

30. Notices to Vacate the Arrest Warrants that are returned to the Court with the notation that the arrest warrants are "NOT ON FILE" are put into a folder by Ms. Gillis. Once the returned paperwork is placed into the folder, Ms. Gillis does not do anything else with the notices to vacate the arrest warrants. (Deposition of Kathy Gillis, p.16-17)

31. Despite the instructions on the Notice to Vacate the arrest warant to "locate the original and all copies of this warrant and return them to this office [Office of the State's Attorney] immediately", there is no effort to locate the underlying arrest warrant within the Court. (Deposition of Kathy Gillis, p. 16-17)

32. For an arrest warrant for a Failure to Appear to be issued, a Judge orders the arrest warrant. The paperwork is prepared by the Court Clerk's office, and then held for 5 days, a grace period for the individual. After the 5 days, if the person does not appear, the personnel from the Clerk's office sign the arrest warrant. The arrest warrant is then forwarded to the State's Attorney's office for review and the signature of a prosecutor. After that, the warrant is sent to the Judge who issued it, for the Judge's review and signature. At some point, the Bail Commissioner is consulted to see if the individual was incarcerated on the date the person was supposed to appear in Court. Finally, the arrest warrant is delivered back to the Court Clerk's office, where a copy is retained. Once the arrest warrant is signed by the Clerk's office, the prosecutor's office and the Judge, it is left in the "in-box" for the Court liaison officer from the Meriden Police Department to pick it up. (Deposition of Kathy Gillis, p. 14, Deposition of Sharon Barthelette, p.14)

33. The Court liaison officer picks up the arrest warrant paperwork and returns it to the Meriden Police Department. The arrest warrant information is entered into the Statewide Computer system (for access by all police statewide) by the 911

>    Dispatchers during the graveyard shifts, in between calls. (Deposition of Janice Merrigan, pp. 21, 59-60, Affidavit of Captain Brian Giesing)

34. The 911 Dispatchers enter the arrest warrant information into the Statewide Computer system on the night that they receive it. (Deposition of Janice Merrigan, pp. 59-60, Affidavit of Captain Brian Giesing)

35. It is the 911 Dispatchers and not the Court liaison officers who enter the arrest warrant information into the Statewide Computer system. (Deposition of Janice Merrigan, pp. 21, 59-60, Affidavit of Brian Giesing)

36. The use of the "NOT ON FILE" stamp is not unique to this case. Officer Mroczka continues to use the stamp "NOT ON FILE" to notify the Court if the original paperwork has not been forwarded to the Meriden Police Department as a matter of routine. (Deposition of Janice Merrigan, pp. 16, 52, Affidavit of James Mroczka).

37. The Court personnel are familiar with the "NOT ON FILE" stamp, having seen it on paperwork returned to the Court from the Meriden Police Department. (Deposition of Kathy Gillis, p. 15, Deposition of Sharon Barthelette, p. 15-16, Deposition of Susan D'Agostino, p. 15)

38. Officer Merrigan is trained and certified in the use of the Statewide computer system, and was trained for the Court liaison position from the previous court liaison officer. (Training and certification records, Deposition of Janice Merrigan, p. 25)

39. Officer James Mroczka was not working as a Court liaison officer on March 10, 2000. Officer Mroczka did not become a Court Liaison Officer until June, 2001. (Affidavit of Officer James Mroczka)

40. There is no evidence that the defendants failed to erase the plaintiff's outstanding arrest warrant from the computer system.

41. There is no evidence that the defendants failed to comply with certain statutory provisions that addresses the erasure of warrants as alleged in the complaint.

42. There is no evidence that the defendants failed to remove the arrest warrant from the statewide computer system.

43. There is no evidence that the defendants disseminated information about the arrest warrant to the Cheshire Police Department.

44. There is no evidence that the defendants had specific knowledge that the arrest warrant had been vacated.

THE DEFENDANTS
JANICE MERRIGAN
JAMES MROCZKA
CITY OF MERIDEN


By:_____/S\_\_
    Deborah L. Moore
    Their Attorney
 City of Meriden Legal Department

    City Hall
142 East Main Street
Meriden, CT  06450
Tel (203) 630-4045
Email dmoore@ci.meriden.ct.us
Fed. Bar. ct17792

## **CERTIFICATION**

    This is to certify that on the _____ day of June, 2004, a copy of the foregoing, with attachments, was mailed, postage prepaid, to the following:

**Bruce Chaplin, Esq.,** 208 Main Street, Durham, CT 06422

_____/S___
Deborah L. Moore