UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG 30 P 1: 43

| | |
|---|---|
| SANDRA SODERLUND ) | |
|    Plaintiff ) | CIVIL ACTION NO. |
| ) | |
| V.S. ) | 301-CV-1918(SRU) |
| ) | |
| JANICE MERRIGAN, JAMES MROCZKA, ) | |
| OFFICERS IN THE POLICE DEPT OF THE ) | |
| CITY OF MERIDEN ) | |
| THE CITY OF MERIDEN ) | |
|    Defendant(s) ) | AUGUST 26, 2004 |

## OBJECTION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c) the plaintiff hereby objects to the defendant's Motion for Summary Judgment. In support of said motion the plaintiff incorporates by reference her compliance with Local Rule 56(a) 2. In support of her motion the plaintiff has filed a Memorandum of Law, depositions of Officer Janice Merrigan, Kathy Gillis, Sharon Barthelette, Susan D'Agostino, Gerri Duggan, Jason Germain, Sandra Soderlund, and accompanying exhibits.

   A.   Cheshire incident report

   B.   Court transcript issuing the warrant

   C.   Interrogatories addressed to the Clerks' office as a claim was initially brought against them too.

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

D. Request to Admit addressed to the Clerk's office.

E. Initial claim against the State which claim was withdrawn upon submission of Ex. C and D.

F. Notice to Vacate from Clerk's office files.

G. Records from State per deposition of G. Duggan.

H. Court transcript releasing plaintiff after her false arrest.

I. Deposition Susan D'Agostino courtroom clerk.

J. Deposition Sharon Barthelette clerk's office.

K. Deposition Jason Germain State's Attorney.

L. Deposition Gerri Duggan Chief Clerk.

M. Deposition Kathy Gillis- computer clerk that prepares warrants and notices to vacate.

N. Police warrant information sheet.

O. Meriden incident report of arrest date.

P. Deposition Janice Merrigan.

Q. Conn Gen. Stat. §52-557n.

R. Motion to Vacate and transcript granting motion.

1. With respect to Count One, the plaintiff has alleged that the defendant liaison officers violated the plaintiff's Fourth Amendment right. They have alleged Connecticut statutory directive to erase warrants that had been vacated. They have alleged actual notice that the failure to appear warrant was vacated. They have alleged that the defendant's knew that a failure to carry out this directive and notice would result in the plaintiff's eventual arrest on an invalid warrant. These allegations are supported by the facts.

2.  The substitive due process allegation against the liaison officer, the arresting officer and the City of Meriden is supported by Janice Merrigan herself. Further, the clerks of the Superior Court in the State's Attorney office state that they had never heard of an arrest warrant for Failure to Appear being sent to the police department, more than two weeks after the warrant itself had been vacated. The police department knew that the warrant had been vacated. If this were a problem that the police department believed and neither the clerk's office nor the State's Attorney office knew about it, then some training regarding the procedure should have been done to correct the problem.

3.  The only negligence allegation in this complaint is paragraph 3. If the court wants to dismiss the state law claims at a later date, it may do it. However, the plaintiff would suggest that a lot of work has gone into this file that would arguably have to be duplicated again in the state court.

4.  The Fourth Amendment to not be seized without a warrant is a clearly established constitutional right. Conn. Gen. Stat. §54-142a is a clearly established directive. The rights of other police officers to rely upon statements issued by the Meriden Police Department is a clearly established.

5.  Officer Merrigan has stated that there was a problem with notices to vacate coming to the police department where no arrest warrant for failure to appear had been delivered. Her statement of the problem of course, is very different from that stated by the clerk's office or the State's Attorney office. Janice Merrigan and the police department appear to be the only entities that thought that warrants for failure to appear were unduly delayed.

6. A claim of derivative liability due to the defendant officers civil rights violations as well as the negligence claims are adequately pled.

THE PLAINTIFF

BY _____
Bruce A. Chaplin
208 Main Street
Durham CT 06422
860-349-0528
Fed. Bar ct 05675

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this the ___ day of August 2004 to:

Deborah L. Moore, Esq.
City of Meriden
Department of Law
142 East Main Street
Meriden CT 06450

_____
Bruce A. Chaplin