UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA SODERLUND )<br>    Plaintiff ) | CIVIL ACTION NO. |
| ) | |
| V.S. ) | 301-CV-1918(SRU) |
| ) | |
| JANICE MERRIGAN, JAMES MROCZKA, )<br>OFFICERS IN THE POLICE DEPT OF THE )<br>CITY OF MERIDEN )<br>THE CITY OF MERIDEN ) | |
|     Defendant(s) ) | AUGUST 26, 2004 |

## PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

Pursuant to Rule 56(a)2 of the Federal Rules of Civil Procedure, the defendant hereby offers the following responses to the moving parties' Rule 9(c)1 Statement and contends that there are genuine issues of material fact to be tried. Further, the plaintiff also files a separate section listing material facts in support of this Objection to the Motion for Summary Judgment:

1. The plaintiff denies she was arrested by Cheshire, she was detained by Cheshire and arrested by Meriden. The basis for this arrest was a vacated warrant and the charge was dismissed.

2. The plaintiff admits that she was arrested by the Meriden Police Department on August 14, 1998. As to the balance of these allegations, the plaintiff has no information or belief whether she was charged with a felony. She plead to a misdemeanor.

3. Admitted to the fact of two docket numbers but believe there was one file and one police case number.

1

4. Admitted insofar as the plaintiff failed to appear in court on said date. However, it is not admitted that the plaintiff had notice of said court date. It is not admitted that the Notice to Vacate dated March 15, 2000 was prepared by the clerk's office.

5. Admitted as to January 21, 2000. Denied that liaison officer received warrant in May 2000.

6. Admitted only that cash bond was $1,500.00. Denied that liaison officer received warrant in May 2000.

7. Admitted except the document was not provided.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Denied that the notice was stamped. Admitted that she knew of the notice on or about March 10, 2000.

13. Denied.

14. Denied that the notice to vacate the motor vehicle case was dated March 13, 2000 and no date, time or initial appear on the document and the Court did not prepare any Notice on March 15, 2000.

15. Denied.

16. Denied.

17. Denied.

18.     Admitted. However, to state the facts correctly, the arrest warrant is not normally saved by the clerk's office after a Motion to Vacate has been granted and the State's Attorney Office is also claiming that the file has been destroyed.

19.     Admitted. However, the plaintiff has no information or belief as to whether it is a "rib restaurant".

20.     It is admitted that plaintiff was stopped by the Cheshire police. It is denied they arrest her. She was detained.

21.     Admitted.

22.     Admitted.

23.     Admitted except for the fact of any implication that she had a conversation with her attorney.

24.     Admitted.

25.     Denied. Although she was unable to raise the $1,500.00 bond, this was not the cause of her remaining in the lockup. The cause of her remaining in the lockup was Officer Merrigan's failure to process the Notice to Vacate and the knowing failure of the City of Meriden to have a procedure regarding warrants for failure to appear and subsequent notices to vacate.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     The general statement of paragraph 29 is admitted, however, it is denied that such statement applies or happened in this case.

30. The statement "Notices to vacate the arrest warrants that are returned to the court with the notation that the arrest warrants are 'not on file' are put into a folder by Ms. Gillis" is admitted. However, it is not admitted that that happened in this case. The balance of the statement is denied.

31. It is admitted that one of the instructions on the notice to vacate the arrest warrant are to "locate the original and all copies of this warrant and return them to this [Office of the State's Attorney] immediately". However, the balance of said statement is denied.

32. It is only admitted that "for an arrest warrant for failure to appear to be issued, a judge orders the arrest warrant. The paperwork is prepared by the court clerk's office and then held for five days, a grace period for the individual. After the five days, if the person does not appear, the personnel from the clerk's office sign the arrest warrant. The arrest warrant is then forwarded to the State's Attorney office for review and the signature of a prosecutor. After that the warrant is sent to the judge who issued it, for the judge's review and signature." It is not admitted that the bail commissioner ever sees the arrest warrant. The bail commissioner is only consulted. It is denied that the arrest warrant is delivered back to the court clerk's office. Only a pink copy of the arrest warrant is delivered back to the clerk's office. This is put in the defendant's file. The balance of paragraph 32 is denied. It is believed that the State's Attorney office delivers the arrest warrant to the police department.

33. Admitted except it is not admitted that the arrest warrant paperwork is picked up at the clerk's office. The liaison officer "process the paperwork. She determines what paperwork is given to the 911 dispatcher."

34. Admitted.

4

35. Admitted only that the 911 dispatcher is a clerk for this purpose: entering information that he is directed by the liaison officer to enter.

36. Denied that the "not on file" stamp was used or occurred in this case.

37. Denied that the "not on file" stamp was used in this case.

38. It is not admitted that Janice Merrigan was trained in the use of the statewide computer system. It is not admitted that liaison officers were trained or there was any procedure to deal with the situation where a notice to vacate was received by the police department before the warrant for failure to appear was received. The facts of this case are that the arrest warrant was delivered to the Meriden Police Department within a week of January 21, 2000. It is the allegation of this plaintiff against the City of Meriden regarding training and procedure, that no training other than that stated in paragraph 38 was done even though the Town knew of problems. Only the police department has control of the warrants in their files and control of the statewide computer.

39. Admitted that Officer Mroczka was not working as a court liaison officer on March 10, 2000. It is admitted that Officer Merrigan was the court liaison officer in March of the year 2000. Further, she or Officer Mroczka was the court liaison officer in January, February and May of the year 2000.

40. Denied.

41. Denied. It was the defendant Merrigan's responsibility to direct the 911 dispatcher to comply with the statutory provisions regarding erasure of warrants.

42. Denied.

5

43. Denied.

44. Denied.

The plaintiff states in this section those material facts in support of her Objection to Motion for Summary Judgment.

1. The plaintiff was ordered arrested on a Failure to Appear warrant on January 21, 2000 by a judge of the Superior Court and this arrest warrant was delivered to the Meriden Police Department during the time period within two weeks after January 21, 2000. (Depo Merrigan p. 28-29; Depo Gillis p. 23, Depo Duggan p 17, 31; Depo Germain p. 20).

2. The warrant for Failure to Appear is signed by two clerks in the clerks office, one State's Attorney and a judge. Only a pink copy of the warrant is returned to the clerk and no more than two days pass. (Depo Barthelette p. 12-14 and 21-22; Depo Duggan p 12-15, 30; Depo Gillis p 13)

3. After a five day grace period in which a warrant for Failure to Appear remains in the clerk's office, it has never taken more than a week for the clerk, the State's Attorney office and the judge to sign the warrant and for the pink copy to be delivered back to the clerk's office. (Depo Merrigan pg. 28-29; Depo Gillis pg. 23, Depo Duggan p 31).

4. The State's Attorney Office delivers the pink copy back to the clerk and the original warrant goes to the liaison officer. (Barthlette depo p. 14)

5. At the police station, the warrant (hard copy) goes into an alphabetical file system. (Merrigan depo p. 22)

6

6.  The information off the warrant is written down and given to the dispatch officer to enter into the NCIC computer (Merrigan depo p. 21)

7.  When a Notice to Vacate an arrest warrant for Failure to Appear is prepared by the clerk's office, it is prepared the same day that it was ordered by the court; it is delivered to the police department no later than the following day. (Depo G. Duggan p. 33) The only thing in the clerk's file at this time would be the pink copy of the warrant delivered to it by the State's Attorney office. (Depo Gillis p. 11-14, 24, 26-27).

8.  In this case the Notice to Vacate was ordered by the court on March 8, 2000 and two notices were prepared by the clerk's office, one on March 9, 2000 (criminal case) and one on March 13, 2000 (motor vehicle case). (Ex. F; Depo Duggan depo p. 31-33 and 39-42)

9.  According to the clerk's office and the State's Attorneys Office an arrest warrant has never been delivered to the police after a Notice to Vacate issued. (Depo Duggan p 36-39; Depo Germain p.13 and 20; Depo Gillis p. 34-35).

10. There is only one police case number for the criminal and motor vehicle portions of the Soderlund matter. (Depo Merrigan p. 13)

11. The defendant Merrigan was the liaison officer who was responsible for processing documents delivered between the Court House and the police department during the period January 2000 through May 2000.. (Depo Merrigan p. 23, 41, 47).

12. Officer Merrigan admits that she knew of the Notice to Vacate dated March 9, 2000. (Local 9(c)1 para. 12 ). This is inconsistent with her deposition pg 17-18. (Ex. P)

13. The Notice to Vacate the arrest states that, on January 21, 2000, the defendant in this case was ordered arrested... " The order for the defendant's arrest has been vacated and the

warrant is being withdrawn. Please locate the original and all copies of this warrant and return them to this office immediately." The notice further states that "execution of this warrant after receipt of this notice may result in claims for money damages against the State of Connecticut and liability for civil money damages imposed against your agency on behalf of this defendant." This document is addressed to the "City of Meriden Local Police."

These are dated March 9, 2000 and March 13, 2000. (Ex. C, D and F ).

14.     The warrant in question was not removed from the Meriden police records; it was relied upon by the Cheshire Police Department. It was not returned to the clerk's office or to the State's Attorney office. (Ex. A, Ex. O and depo Merrigan p. 16, 23, 40).

15.     Merrigan claims that the above procedure did not work. She had complained that the procedure did not work. However, the Meriden Police Department had no procedure in place to find Notices to Vacate where Warrants for Failure to Appear were delivered from the courthouse. (Depo Merrigan p. 25, 49 and 52)

16.     The Cheshire Police called the Meriden dispatcher, who, through the desk lieutenant found the hard copy of the warrant in the file and confirmed there was an outstanding warrant. (Depo Merrigan p. 40)

17.     The two notices to vacate mentioned in para.13 above were not in the police case file on January 27, 2001 (Ex. A and O), the day Soderlund was arrested by the Meriden Police.

18.     There was a Notice to Vacate dated March 15, 2000 found in the Police Files after the start of this case. (Depo Merrigan p. 16 and Def. Ex. 9)

19.     This Defendant Exhibit 9 is not part of the clerks file. (Depo Duggan p. 39; Ex. C and D)

20. Plaintiff was held for two days in custody before being released. (Ex. H)

21. Arrest made by Officer Mroczka (Ex. D, Depo Merrigan p. 40)

22. A Motion to vacate the warrant was made by the plaintiff on February 27, 2000 and granted on March 8, 2000. (Ex. R)

THE PLAINTIFF

BY _____
Bruce A. Chaplin
208 Main Street
Durham CT 06422
860-349-0528
Fed. Bar ct 05675

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this the 26 day of August 2004 to:

Deborah L. Moore, Esq.
City of Meriden
Department of Law
142 East Main Street
Meriden CT 06450

_____
Bruce A. Chaplin