UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA SONDERLAND | : | CIVIL ACTION |
| PLAINTIFF | : | |
| | : | |
| VS. | : | CASE NO. 3:01CV1918 (SRU) |
| | : | |
| JANICE MERRIGAN, ET AL. | : | |
| DEFENDANTS | : | SEPTEMBER 20, 2004 |

### DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

Pursuant to L.Civ.R. 9(g), the defendants hereby submit their reply to the plaintiff's Opposition to the Defendants' Motion for Summary Judgment. The Plaintiff's opposition was dated August 26, 2004 and received in this office August 31, 2004.

**A.    Reply to the Plaintiff's "Local Rule 56(a)2 [sic] Statement"**

The plaintiff has submitted a document captioned "Local Rule 56(a)2 Statement." For the purposes of this reply brief, it is presumed that the plaintiff intended to submit a Local Rule 9(c)2 statement, inasmuch as there is no Local Rule 56, nor is there a Federal Rule 56(a)2. In this document, the plaintiff admits or denies the defendants' Local Rule 9(c)1 statements, and goes on to provide the Court with 22 other material facts to support the plaintiff's Objection to the Motion for Summary Judgment. It appears that it is the plaintiff's position that these

1

additional 22 material facts are not in dispute. These statements will be addressed in the attached reply.

Furthermore, the plaintiff failed to "include in a separate section a list of each issue of material fact as to which it is contended that there is a genuine issue to be tried", as required by Local Rule 9(c)2. For the purposes of this reply brief, the defendants conclude that the plaintiff does not have any genuine issue of material fact.

**B. ARGUMENT**

**1. There Remains No Material Facts in Issue and the Defendants are Entitled to Summary Judgment As a Matter of Law**

It is the position of the defendants that there are no material facts in issue and the defendants are entitled to judgment as a matter of law. To the extent that the plaintiff claims that there are disputed issues of fact, they are not material to the issues of the case and summary judgment is appropriate.

A factual dispute is 'genuine' when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). A 'material fact' is one whose resolution will affect the ultimate determination of the case. *Id.* However, the "mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Samuels v. Smith*, 839 F. Supp. 959, 962 (D.Conn. 1993).

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct at 2510. Thus, once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 265 (1986). "Neither courts nor defendants should be subjected to trials which are little more than harassment." *Applegate v. Top Associates*, 425 F.2d 92, 96 (2d. Cir. 1970)

To defeat a motion for summary judgment, the nonmoving party must show "that there are specific factual issues that can only be resolved at trial." *Colon v. Coughlin*, 58. F.3d 865, 872 (2d. Cir. 1996)(citations omitted). "A party may not defeat a motion for summary judgment merely by pointing a potential issue of fact; there must be a genuine issue of material fact." *1185 Avenue of the Americas*

*Associates v. RTC*, 22 F.3d 494, 498 (2d. Cir 1994)(citations and internal quotation marks omitted). "The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Barnhart v. Pickerel, Schaffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

The disputed facts "must also be a material fact in light of the substantive law." *TransWorld Airlines v. Sini Corp.* 887. F.Supp. 595, 603 (S.D.N.Y. 1995). "The non-movant cannot escape summary judgment merely be vaguely asserting the existence of some unspecified disputed material facts or defeat the motion through mere speculation or conjecture." *Western World Insurance Company v. Stack Oil Co.*, 922 F.2d 118, 121 (2d. Cir. 1990)(Citations and internal quotation marks omitted). "The opponent of summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts." *Ryan v. New York State Thruway Authority*, 889 F.Supp. 70, 76 (S.D.N.Y. 1995). "Neither the plaintiff's rhetoric nor his imagination can make undisputed facts into disputed one or raise a genuine issue with respect thereto." *Schoonfield v. Mayor & City Council of Baltimore, MD*, 339 F.Supp. 106, 107-08 (D.Md. 1975).

"Summary judgment is properly granted, even in complex cases, where the facts established by the movant's evidence are opposed solely by the opponent's conclusory assertions or are clearly uncontroverted and the facts so established are

4

'not susceptible' of the interpretation which the opponent sough to give them to create through inference a dispute of material fact." *Carroll v. United States Steelworkers of America*, 498 F.Supp. 976, 978 (1980)(citations omitted).

2. **An Outstanding Arrest Warrant is Presumed to be Valid, and Police Officers are Entitled to Rely on Them. In So Doing, the Defendants Are Entitled to Qualified Immunity.**

To the extent that the plaintiff is suing Officer Mroczka and Officer Merrigan as a result of their actions in January, 2001 during the plaintiff's arrest and time spent in the Meriden Police Department lockup, the defendants are entitled to qualified immunity inasmuch as they relied upon a valid arrest warrant.

As government officials performing discretionary functions, police officers are entitled to qualified immunity, which shields them from civil damages liability insofar as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), or insofar as "it [is] objectively reasonable for them to believe that their acts d[o] not violate those rights," *Velardi v. Walsh,* 40 F.3d 569, 573 (2d Cir.1994). A police officer who relies in good faith on a warrant issued by a neutral and detached

5

magistrate upon a finding of probable cause is presumptively shielded by qualified immunity from personal liability for damages. *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991). Police activity conducted pursuant to a warrant rarely will require any deep inquiry into reasonableness because a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith. *United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984). *Simms v. Villiage of Albion, NY*, 115 F.3d 1098, 1106 (2d. Cir. 1997).

To suggest that a police officer has an affirmative legal obligation to make an independent determination to verify the validity of an arrest warrant is absurd. There is no such policy or caselaw that requires that a police officer undertake such a task, nor has the plaintiff offered any caselaw or policy to support this contention. A police officer enjoys qualified immunity when relying upon a warrant issued by a neutral and detached magistrate, and summary judgment is appropriate in favor of the defendant officers in Counts 1, 2, and 3.

**3. The Defendants Are Entitled to Qualified Immunity For Their Actions as Liaison Officers.**

To the extent that the plaintiff is suing Officer Mroczka and Offier Merrigan because they were the liaison officers responsible for carrying paperwork back and

forth from the Courthouse to the Meriden Police Department, they are also entitled to qualified immunity.

The plaintiff has not rebutted the factual assertion that Officer Mroczka did not become a liaison officer until after the incident in question, and summary judgment should be granted in his favor for that reason. Furthermore, the plaintiff has not shown how Officer Merrigan's actions as a liaison officer violated any clearly established constitutional right, nor how her actions in this matter amount to negligence.

**4. Regarding Count 4, the Plaintiff has Not Offered Any Rebuttal of the Defendants' Assertions, and Summary Judgment is Appropriate.**

In Count 4 of her 4th Amended Complaint, the plaintiff claims that the City of Meriden has a "custom or practice" to have "no training or supervision or procedure to follow up on vacated arrest warrants being removed from the Meriden Police records or to determine if vacated arrest warrants were properly erased from the Statewide Computer files or to prevent the disclosure of erased records, or to determine that records were properly erased". (Count 4, Paragraph 16).

The defendants fully briefed this issued, producing ample evidence showing that Officer Merrigan received the requisite training. Furthermore, the defendants argued that there is no evidence that there is a failure to train, nor is there evidence

7

that there is a deliberate or conscious choice on the part of the City of Meriden not to train its police officers. The plaintiff did not offer any evidence to rebut these assertions.

Furthermore, the plaintiff did not address the defendants' arguments that the acts complained of by the plaintiff of training and supervising the police department are discretionary in nature and that the City of Meriden enjoys governmental immunity.

Because these arguments were not addressed, summary judgment in favor of the City of Meriden should be granted for Count 4.

**5.     The Defendant City of Meriden is Entitled to Summary Judgment in Count 5.**

The plaintiff is seeking in Count 5 to impose liability upon the City of Meriden based upon any liability imposed on the defendant police officers in Counts 1, 2 and 3. Counts 1 and 2 are counts that allege violations of federal constitutional rights. Claims for a violation of constitutional rights are based upon intentional conduct and there can be no liability for a violation of constitutional rights for negligent conduct. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 668 (1986); *Dodd v. City of Norwich*, 827 F.2d 1 (1987). Therefore, defendants seek judgment in their favor as a matter of law in Count 5 insofar as it relates to any liability imposed under Counts 1 and 2 in that such liability can be premised only upon intentional conduct and not

negligent conduct.  *Id.   See also, Martyn v. Donlin,* 166 A.2d 856, 859 (Conn. 1961); *Bombriant v. City of New Haven*, 203 A.2d 609, 610 (Conn. Super. Ct. 1964).

In her memorandum in opposition to the summary judgment motion, the plaintiff argues that there is "no basis for concluding that the CT Supreme Court will require an allegation that the defendant's acts were not willful, wonton or malicious." This action was brought by the plaintiff in Federal Court, not State Court, and the defendants have provided this Court with caselaw from other District Courts.  Federal judges have found that the plaintiff must affirmatively plead that the conduct of the defendants was not willful, wanton or malicious in order to impose liability under Conn. Gen. Stat. 7-465.

Summary judgment is appropriate in Count 5 because the plaintiff has failed make the requisite allegations in her complaint to trigger the provisions of 7-465.

**CONCLUSION**

For the foregoing reasons, in addition to those set forth by the defendants in their Motion for Summary Judgment, the defendants respectfully request that the Court enter summary Judgment on all counts of the Plaintiff's complaint against them.

THE DEFENDANTS
JANICE MERRIGAN
JAMES MROCZKA
CITY OF MERIDEN


By:_____/s/_____
    Deborah L. Moore
    Their Attorney
    City of Meriden Legal Department
    142 East Main Street
    Meriden, CT  06450
    (203)630-4045
    (203)630-7907  fax
    Juris No. ct17792


**<u>CERTIFICATION</u>**

This is to certify that on the 20th day of September, 2004, a copy of the foregoing, with attachments, was mailed, postage prepaid, to the following:  **BRUCE CHAPLIN, ESQ.,** 208 Main Street, Durham, CT 06422


_____/s/_____
Deborah L. Moore