UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA SONDERLAND | : | CIVIL ACTION |
|     PLAINTIFF | : | |
| | : | |
| VS. | : | CASE NO. 3:01CV1918 (SRU) |
| | : | |
| JANICE MERRIGAN, ET AL. | : | |
|     DEFENDANTS | : | September 20, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S "LOCAL RULE 56(a)2 [SIC] STATEMENT" OF MATERIAL FACTS IN SUPPORT OF HER OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.Civ.R. 9(g), the defendants hereby submit their reply to the plaintiff's Opposition to the Defendants' Motion for Summary Judgment, and more particularly, the Plaintiff's "Local Rule 56(a)2 Statement" of Material Facts. In that document, the plaintiff admitted and denied the Defendants' Local Rule 9(c)1 Statement of Material Facts. The plaintiff then went on to propound her own statement of Material Facts. Although the plaintiff is required in her Local Rule 9(c)2 statement, pursuant to Local Rule 9(c)2, "to include in a separate section a list of each issue of material fact as to which it is contended that there is a genuine issue to be tried", it appears that the plaintiff presented a series of statements of material facts in which the plaintiff appears to represent that there is no genuine issue to be tried. The plaintiff has not offered any statements of fact in which she contends there are genuine issues to be tried.

1

The defendants contend that there remains no genuine issue of material fact and that the defendants are entitled to summary judgment as a matter of law for the reasons set forth in their Motion for Summary Judgment and accompanying documents, dated June 15, 2004. However, to the extent that the plaintiff has offered her own 22 statements of material facts, the defendant hereby responds to those assertions as follows. While the defendants admit and deny the statements of facts, it is the contention of the defendants that any fact in dispute between the parties is not a material one for the purposes of this summary judgment.

1. Admitted to the extent that an arrest warrant was issued by the Court for the plaintiff for her Failure to Appear on January 21, 2000 by Judge Holden of the Superior Court. Denied that the arrest warrant "was delivered to the Meriden Police Department during the time period within two weeks after January 21, 2000." The plaintiff has failed to offer any evidence to support this contention. To the contrary, the defendants have submitted evidence that the arrest warrant was entered into the Computer System by the 911 dispatchers on May 5, 2000. See, paragraph 17 of the defendants' Local Rule 9(c)1 statement and supporting documents. The arrest warrants are processed and entered into the computer system by the 911 dispatchers the very night that they are brought over from the Superior Court to the police department. See, affidavit of Captain Brian Giesing.

2. Admitted that the arrest warrant is signed by multiple people in several offices in the Superior Court building. The process also includes a review of the arrest warrant by the bail commissioner to determine whether or not the non-appearing defendant was incarcerated at the time of the court-ordered appearance. See, defendants' Local Rule 9(c)1 statement, paragraph 32 and supporting deposition excerpts. It is denied that "no more than two days pass", as evidenced in this instant matter when several months passed from the time the arrest warrant was issued by the Court in January, 2000 and the warrant was received, processed and entered into the system by the Meriden Police in May, 2000.

3. Denied. It took from January 21, 2000 until May 5, 2000 for the plaintiff's warrant for Failure to Appear to be processed by the Court and delivered to the Meriden Police Department.

4. Admitted to the extent that the entire warrant, once signed by all the necessary parties in the Court and reviewed by the bail commissioner, is returned to the Court Clerk's office. At that point, the warrant (in triplicate) is pulled apart and the top sheet is placed in the pick up box for the Meriden Police Liaison officer to retrieve.

5. Admitted.

6. Admitted.

3

7. Denied. As evidenced in Plaintiff's Statement of Facts, Paragraph 8, the notices to vacate the plaintiff's arrest warrants for failure to appear were ordered by the Court on March 8, 2000. The notices were created and sent to the Meriden Police Department on March 9, 2000 and March 15, 2000. Clearly, the notices to vacate are not "prepared the same day" nor are they "delivered to the Police department no later than the following day."

8. Admitted that there were two notices to vacate the arrest warrant for failure to appear. However, the documents from the Meriden Police Department indicated that one (criminal matter) was dated March 9, 2000 by the Court and received by the Meriden Police Department on March 10, 2000. The other notice (motor vehicle matter) was dated March 15, 2000 and received by the Meriden Police Department on March 16, 2000. The defendants have no knowledge of the Court document dated March 13, 2000 that purports to be the notice to vacate the Motor Vehicle case. There is no document bearing such a date in the possession of the Meriden Police Department, and may only exist in the Court.

9. Admitted that this is the position of the Court personnel. However, in this instance, the warrant was issued on January 21, 2000 and was received by the Meriden Police Department on May 5, 2000. See, computer printout of the arrest warrant information, attached to the Defendant's Local Rule 9(c)1 statement.

4

10. Admitted. When the plaintiff was arrested and charged with possession of crack cocaine and a seat belt violation, the police report bears one police case number.

11. Admitted. However, the plaintiff's statement is in contradiction of her Fourth Amended Complaint, paragraph 10 and her theories of liability in bringing an action against Officer Mroczka.

12. Officer Merrigan received the March 9, 2000 Notice to Vacate from the Court. She stamped it in, dated and initialed it. After determining that the underlying arrest warrant was not on file, she stamped the notice with the notation "NOT ON FILE" and returned the Notice to vacate the arrest warrant to the Courthouse to inform them that the arrest warrant had not been brought over to the Meriden Police Department. Processing the Notice to vacate in March by Officer Merrigan is vastly different than "knowing" about it, and is consistent with her deposition testimony on p. 17 that "I cannot recall. I get so many of these notices that I don't know who belongs to what or when they come in. When I get them, I do the same procedure I do every time when I do get them, and which is the procedure right here. . . ."

13. Admitted to the extent that the documents speak for themselves. However, the documents in the possession of the Meriden Police Department are dated March 9, 2000 and March 15, 2000. Furthermore, they bear the notation that the underlying arrest warrant is "NOT ON FILE" and the notices were

5

|   |   |
|---|---|
|   | returned to the Court for the Court personnel to search for and retrieve the warrant. (Deposition of Janice Merrigan and attachments to Local Rule 9(c)1 statement) |
| 14. | The notices to vacate the arrest warrant were received by the Meriden Police Department in March, 2000. The arrest warrant was "NOT ON FILE", as it had not been received by the Police Department. The notices to vacate were returned to the Superior Court to put the Court on notice that the underlying arrest warrant was "NOT ON FILE". Subsequently, the arrest warrant was sent by the Court to the Police Department in May, 2000. In May, 2000 the arrest warrant was entered into the statewide computer system. |
| 15. | Denied. The pages cited to support this contention do not support the statements made in this paragraph. Additionally, in the event that the arrest warrant is sent to the Meriden Police Department first and the Notice to Vacate the arrest warrant is sent over later, as it happens in the usual course of events, there clearly is a procedure in place to cancel the warrant in the computer system and retrieve the arrest warrant from the police department files and return it to the Courthouse. What happened in this case is that the notice to vacate the arrest warrant was sent to the Police Department first, in March, 2000. When the Notices to Vacate could not be matched up against any outstanding arrest warrants, they were stamped "NOT ON FILE" and returned to the Courthouse to put the Court personnel on notice that the arrest |

       warrant had not been sent over yet. Despite this information, the Court gave the Meriden Police Department the warrant on May 5, 2000.

16. Admitted inasmuch as the warrant had been entered by the 911 dispatchers in May 5, 2000. The warrant was outstanding on January 27, 2001.

17. The plaintiff claimed to have been arrested by the Cheshire Police in her Fourth Amended complaint (paragraph 7), yet the claim is now that she was arrested by the Meriden Police Department. It is not the procedure of the 911 dispatchers to check a police case file when confirming the existence of an outstanding arrest warrant. An arrest warrant that is active in the computer system is presumed to be valid.

18. Admitted that the defendants produced two notices to vacate the arrest warrants in discovery. Both are generated by the Court, not by the Defendants. One is dated March 9, 2000, date stamped as received by the Meriden Police on March 10, 2000. It also bears the notation "NOT ON FILE". The other document bears the date of March 15, 2000 and is date stamped as having been received by the Meriden Police Department on March 16, 2000. That document also bears the stamp "NOT ON FILE." Both liaison officers have returned documents to the Court with the stamped notation "NOT ON FILE" in order to inform the Court that the underlying document is not in the possession of the Meriden Police Department. See, Defendants' Local Rule 9(c)1 Statement, Paragraphs 13, 16, 30, 36 and 37 and supporting

7

documentation.

19. Admitted to the extent that neither the March 9, 2000 notice to vacate nor the March 15, 2000 notice to vacate that have the stamped notation "NOT ON FILE" were provided to the plaintiff by the Court in the course of this litigation. However, documents which bear the notation "NOT ON FILE" are returned by the Meriden Police Department to the Courthouse "Computer girl", or, more properly, the Data Terminal Operator Supervisor. She puts all the paperwork bearing the notation "NOT ON FILE" into a folder, and nothing else is done with the paperwork returned by the Meriden Police Department. See, Defendants' Local Rule 9(c)1 statement, paragraphs 29, 30, 31 and accompanying deposition excerpts.

20. Admitted. The plaintiff was held by Meriden Police from Saturday evening through Monday morning. A cash bond of $1500 was set by the Court for the failure to appear charge, and when the plaintiff could not or would not pay the amount of the bond, she was required to remain in custody of the Meriden Police Department until Court opened for business on Monday morning. See, defendants' Local Rule 9(c)1 statement, paragraphs 6, 22, 25 and accompanying exhibits.

21. The plaintiff has alleged in her Complaint that she was arrested by the Cheshire Police Department, and this allegation has not been changed or amended. The defendants have relied upon this allegation in filing their

Motion for Summary Judgment. See, plaintiff's Fourth Amended Complaint, dated May 16, 2003, paragraph 7.

22. Admitted.

                    THE DEFENDANTS
                    JANICE MERRIGAN
                    JAMES MROCZKA
                    CITY OF MERIDEN

By:____/s/_____
    Deborah L. Moore
    Their Attorney
    City of Meriden Legal Department
    142 East Main Street
    Meriden, CT  06450
    (203)630-4045
    (203)630-7907  fax
    Juris No. ct17792

## **CERTIFICATION**

This is to certify that on the 20th day of September, 2004, a copy of the foregoing, with attachments, was mailed, postage prepaid, to the following: **BRUCE CHAPLIN, ESQ.,** 208 Main Street, Durham, CT 06422

___/s/_____
Deborah L. Moore