# MANDATE

D Conn / New Haven
01-cv-1918
Hon. Underhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 14th day of October, two thousand five.

PRESENT: HONORABLE THOMAS J. MESKILL,
HONORABLE JON O. NEWMAN,
HONORABLE REENA RAGGI,
            *Circuit Judges.*

FILED OCT 1 4 2005

--------------------------------------------------

SANDRA SODERLUND,
            *Plaintiff-Appellant,*

v.                                                      No. 05-0720-cv

JANICE MERIGAN, OFFICER POLICE
DEPARTMENT, CITY OF MERIDEN;
JAMES MROCZKA, OFFICER POLICE
DEPARTMENT, CITY OF MERIDEN;
AND ROBERT KOSIENSKI, POLICE
CHIEF, CITY OF MERIDEN
            *Defendants-Appellees.*

--------------------------------------------------

APPEARING FOR APPELLANT:    BRUCE A. CHAPLIN, Durham, Connecticut.

APPEARING FOR APPELLEES:    DEBORAH L. MOORE, City of Meriden, Department of Law, Meriden, Connecticut.

ISSUED AS MANDATE: NOV - 9 2005

1           Appeal from the United States District Court for the District of Connecticut, (Stefan

2   R. Underhill, *Judge*).

3           UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

4   DECREED that the judgment of the district court entered on January 31, 2005, is hereby

5   AFFIRMED.

6           Plaintiff Sandra Soderlund appeals from an award of summary judgment in favor of

7   (1) defendant Police Officer Janice Merrigan[1] on a claim of false arrest and imprisonment

8   in violation of the Fourth Amendment, see 42 §§ U.S.C. 1983, 1985(3), and (2) defendant

9   City of Meriden on a derivative claim pursuant to Conn. Gen. Stat. § 7-465.[2] We review the

10  district court's grant of summary judgment *de novo*, and we will affirm only if the record,

11  viewed in the light most favorable to Soderlund, reveals no genuine issue as to a material fact

12  and defendants' entitlement to judgment as a matter of law. See Allianz Ins. Co. v. Lerner,

13  416 F.3d 109, 113 (2d Cir. 2005) (citations omitted). We assume the parties' familiarity with

14  the facts and the record of prior proceedings, which we reference only as necessary to explain

15  our decision.

16          In reviewing a Fourth Amendment claim, we consider whether plaintiff has adduced

---

[1] Although the caption spells defendant's name "Merigan," because defendant spells it "Merrigan," we use that spelling throughout this order.

[2] Because plaintiff does not challenge the district court's award of summary judgment on her due process challenge to her arrest and incarceration, we assume that claim is forfeited on this appeal. See Fed. R. App. P. 28(a)(5); Regional Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 45 n.1 (2d Cir. 2002).

evidence from which a jury could conclude that the defendant's actions leading to her arrest and detention were objectively unreasonable in light of the surrounding facts and circumstances. Hudson v. New York City, 271 F.3d 62, 68 (2d Cir. 2001) (and cases cited therein). To satisfy this burden, a plaintiff must offer evidence of "intentional <u>actions</u>" by the defendant and not simply "'the accidental effects of otherwise lawful government conduct.'" <u>Id.</u> at 69 (emphasis in original) (quoting Brower v. County of Inyo, 489 U.S. 593, 596 (1989)).

The record in this case demonstrates no such intentional unreasonable action by Merrigan that was a proximate cause of Soderlund's January 21, 2001 arrest. It shows that Merrigan, upon receiving notices from the State's Attorney's Office[3] that outstanding arrest warrants for Soderlund had been vacated on March 9 and 15, 2000, and upon finding no such warrants in police files, returned the notices to the court stamped, "NOT ON FILE." The action was responsive because each notice called for the police to "locate the original and all copies of this warrant and return them to [the State's Attorney's office] immediately." Indeed, Soderlund does not contend that Merrigan's response was objectively unreasonable if, in fact, no warrants for Soderlund's arrest were on file with the police department.

Instead, she asserts that the evidence supports an inference that the police had received copies of arrest warrants for Soderlund shortly after their January 2000 issuance by the court

---

[3] The record indicates that notices to vacate are generated and sent out by Connecticut Superior Court personnel, but the letterhead and return address on the notices is that of the Connecticut State's Attorney's Office.

and well before Merrigan reviewed the vacate notices. In fact, this proposed scenario is speculative.[4] Police computer files indicate that it was not until early May 2000, almost two months <u>after</u> Merrigan's response to the vacate notices, that the police received the January 2000 warrants for plaintiff's arrest – unaccompanied by any notice that they had been vacated. In any event, the argument, at most, states a claim only for negligence, which, as a rule "is not a basis of liability for constitutional torts." <u>O'Neill v. Krzeminski</u>, 839 F.2d 9, 11 n.1 (2d Cir. 1988); see <u>Dodd v. City of Norwich</u>, 827 F.2d 1, 7-8 (2d Cir. 1987) (noting that "[t]he fourth amendment . . . only protects individuals against 'unreasonable' seizures, not seizures conducted in a 'negligent' manner"); <u>see also</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1987) (holding that due process is "not implicated by a <u>negligent</u> act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original). <u>Compare</u> <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 274 (3d Cir. 2000) (no violation for single typographical error), <u>with</u> <u>McMurry v. Sheahan</u>, 927 F. Supp. 1082, 1087-88 (N.D. Ill. 1996) (allowing suit to proceed where errors widespread and systematic.)

In sum, this case is not akin to <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S.

---

[4] Although Soderlund argues that the State's Attorney's office "denies" the possibility of notices to vacate being sent without prior delivery of the underlying arrest warrants, the record indicates only that the particular witness from the State's Attorney's office had not heard of any such mishap in the past. By itself, that is not enough to support a jury inference that the police had to have received the warrants for Soderlund's arrest before Merrigan reviewed the vacate notices. <u>See generally</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986) (noting that "plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment"); <u>Goldhirsh Group, Inc. v. Alpert</u>, 107 F.3d 105, 109 (2d Cir. 1997) (following <u>Dyer v. MacDougall</u>, 201 F.2d 265, 269 (2d Cir. 1952) (L. Hand, J.)).

1   560 (1971), because, although Soderlund's arrest and detention were not supported by law,

2   the record would not permit a jury to conclude that any unreasonable intentional act by

3   Merrigan informed the arresting officers' determination that valid warrants supported taking

4   Soderlund into custody.

5   Because we affirm the district court's grant of summary judgment in favor of

6   Merrigan, the City of Meriden is absolved of any derivative liability pursuant to Conn. Gen.

7   Stat. § 7-465.

8   The district court's award of summary judgment entered on January 31, 2005, is

9   hereby AFFIRMED.

10  
11                          FOR THE COURT:
12                          ROSEANN B. MACKECHNIE, CLERK
13                          *[signature: Lucille Carr]*
14                          By:

*[Stamp: A TRUE COPY / Roseann B. MacKechnie, Clerk / by: [signature] Deputy Clerk]*